IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

THE COMMONWEALTH OF VIRGINIA, :
VIRGINIA OFFICE FOR PROTECTION   :
AND ADVOCACY,                    :
                                 :
            Plaintiff,           :   CASE NO.
                                 :
v.                               :   3:07CV734(REP)
                                 :
JAMES S. REINHARD, in his official :
Capacity as Commissioner, Department :
of Mental Health, Mental Retardation :
and Substance Abuse Services, of the :
Commonwealth of Virginia, DENISE :
D. MICHELETTI, in her official capacity :
as Director, Central Virginia Training :
Center, and CHARLES M. DAVIS, in his :
Official capacity as Director, Central :
State Hospital,                  :
                                 :
            Defendants.           :

## COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

### PRELIMINARY STATEMENT

1. Plaintiff, Virginia Office for Protection and Advocacy (VOPA), brings this action against the

   Defendants, James S. Reinhard, Commissioner, Department of Mental Health, Mental

   Retardation and Substance Abuse Services (DMHMRSAS) (in his official capacity only),

   Denise D. Micheletti, Director, Central Virginia Training Center (CVTC) (in her official

   capacity only), and Charles M. Davis, Director, Central State Hospital (CSH) (in his official

1

capacity only) seeking to compel Defendants to provide to VOPA records which VOPA is legally entitled to, in order that VOPA may fulfill its statutory obligations.

2. VOPA has been designated as the Commonwealth of Virginia's Protection and Advocacy (P&A) system for persons with disabilities. Code of Va. § 51.5-39.1, *et seq.*

3. As the State P&A system, VOPA has the responsibility and authority to access records in the course of investigating instances of abuse or neglect of individuals with mental illness. 42 U.S.C. § 15043; 42 U.S.C. §§ 10805, 10806; Code of Va. § 51.5-39.4.

4. VOPA has made repeated requests to Defendants for records which VOPA has authority to access.

5. The Defendants have refused to grant VOPA access to the requested records.

6. VOPA seeks a declaratory judgment that Defendants, by refusing to provide VOPA the requested records, have violated federal law, a preliminary and permanent injunction requiring Defendants to provide the requested records to VOPA forthwith, and a preliminary and permanent injunction forbidding Defendants from interfering, in any way, with VOPA's statutorily authorized access to records.

## JURISDICTION

7. This Court has jurisdiction over the claims brought herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201. Plaintiffs bring these claims under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C § 15001, *et seq.*, and the Protection and Advocacy for Individuals with Mental Illness Act, 42 USC § 10801, *et seq.*

## VENUE

8.   Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as a substantial portion
     of the events or omissions giving rise to Plaintiff's cause of action occurred within this
     judicial district.

## PARTIES

9.   Plaintiff VOPA is an agency of the Commonwealth of Virginia, created by statute, Chapter
     8.1 of Title 51.5, Code of Virginia.  VOPA has been designated as the Protection and
     Advocacy System for persons with disabilities in the Commonwealth of Virginia.  Code of
     Va. §51.5-39.2.

10.  Defendant James Reinhard, is the Commissioner, DMHMRSAS.  The Central Office,
     DMHMRSAS, is located in Richmond, Virginia. The Commissioner, DMHMRSAS, is
     responsible for the supervision and management of the Department and its state facilities.
     Code of Va. § 37.2-304.

11.  Defendant Denise Micheletti is the Director, CVTC.  CVTC is a DMHMRSAS-operated
     institution for persons with mental retardation located in Amherst County, Virginia.  The
     Director, CVTC, is responsible for "the safe, efficient and effective operation" of the facility
     and for compliance with "all applicable federal and state statutes, regulations, policies and
     agreements." Code of Va. § 37.2-707.

12.  Defendant Charles Davis is the Director, CSH.  CSH is a DMHMRSAS-operated institution
     for persons with mental illness located in Dinwiddie County, Virginia.  The Director, CSH, is
     responsible for "the safe, efficient and effective operation" of the facility and for compliance
     with "all applicable federal and state statutes, regulations, policies and agreements."  Code of

3

Va. § 37.2-707.

## FACTS

13. On or about October 18, 2006, an individual with mental retardation and mental illness hereinafter referred to as "Resident A", died while a resident of CVTC.  Resident A had a decades-long documented history at CVTC of ingesting non-edible items.  During October 2006, Resident A began to show symptoms of bowel obstruction.  He was transported to the hospital.  On October 10, 2006, an exploratory laparotomy was performed and two latex gloves were discovered in his intestines.  The gloves were surgically removed.  Resident A died on October 18, 2006.

14. On or about November 13, 2006, after receiving a report of resident A's death while he was in the custody of DMHMRSAS, VOPA initiated an investigation of the death to determine whether or not the death was a result of abuse or neglect.

15. On November 16, 2006, VOPA requested, in writing, that CVTC provide VOPA with all records related to Resident A's death including any risk management review, baseline analysis review, or mortality review.

16. On June 5, 2007, VOPA renewed its request, in writing, for the report of the baseline analysis review.[1]

17. On July 12, 2007, VOPA renewed its request in writing for the baseline analysis review and risk management review.

---

1. DMHRSAS Departmental Instruction 401 defines an "event BAR" as follows:
   This means a Baseline Analysis and Review (BAR) of an event, which involves a fundamental and substantial examination of all surrounding facts and elements of the event, with a focus on constructive criticism and correction of any/all related systems and processes.

18. Defendants have refused to provide records related to Resident A's death requested by VOPA. As a result, VOPA is unable to complete its statutorily authorized investigation into Resident A's death.

19. On or about January 11, 2007, an individual with mental retardation hereinafter referred to as "Resident B" was assaulted at CVTC by another resident. Resident B was observed by CVTC staff running from Resident B's room covered in blood. One staff member went to Resident B's room where she found multiple pieces of human ear tissue and a large amount of blood on the floor.

20. On or about May 24, 2007, VOPA opened a formal investigation into the incident to determine whether or not the injuries sustained by Resident B were a result of abuse or neglect.

21. On June 8, 2007, VOPA requested, in writing, records regarding the injuries to Resident B including any risk management review or baseline analysis review conducted regarding the incident.

22. On July 12, 2007, VOPA renewed its request, in writing, for the baseline analysis review and risk management review.

23. Defendants have refused to provide records related to Resident B's injuries requested by VOPA.

24. As a result of the denial of the requested records, VOPA is unable to complete its statutorily authorized investigation into the incident which caused Resident B's injuries.

25. On, or about March 22, 2007, an individual with mental illness hereinafter referred to as "Resident C" died while a patient at CSH. Resident C had been held in some form of

5

restraints for a period of approximately 33 hours before being released.  About thirty minutes after Resident C was released from restraints, several CSH staff entered Resident C's bedroom to attempt to place Resident C into restraints.  During the restraint incident, Resident C complained of being unable to breathe.   Attempts to revive Resident C failed and Resident C was transported to a community hospital and was pronounced dead.

26. On, or about April 5, 2007 after receiving the report of the death of Resident C while in the custody of DMMHRSAS, VOPA initiated an investigation of the death to determine whether or not the death was a result of abuse or neglect.

27. On, May 31, 2007, VOPA requested in writing records relating to the death of Resident C, including the root cause analysis, mortality review, and risk management analysis.

28. On or about August 13, 2007, counsel for Defendants informed VOPA that its requests for records was denied by the Commissioner, DMHMRSAS, on the basis of the peer review privilege.

29. On August 29, 2007, VOPA renewed its request, in writing, for the mortality review, root cause analysis, and risk management review regarding Resident C.

30. Defendants have failed to provide records related to Resident C's death requested by VOPA.

31. As a result of the denial of the requested records, VOPA is unable to complete its statutorily authorized investigation into Resident C's death.

32. By letter dated September 14, 2007, VOPA sought to determine whether further discussion of the issue with Defendants would be productive.

33. On or about September 19, 2007, counsel for Defendants requested additional time to consider the issue.

34. By letter dated November 27, 2007, counsel for Defendants informed VOPA that materials created and maintained by DMHMRSAS as peer review would not be provided in response to VOPA's requests for records.

35. The failure of DMHMRSAS to provide the requested records prevents VOPA from obtaining information that it is entitled to receive under federal law, and unlawfully restricts VOPA's ability to conduct statutorily authorized investigations.

CAUSE OF ACTION
DEVELOPMENTAL DISABILITIES ASSISTANCE AND BILL OF RIGHTS ACT AND THE
PROTECTION AND ADVOCACY FOR INDIVIDUALS WITH MENTAL ILLNESS ACT

36. Plaintiffs repeat, reiterate and reallege all of the foregoing, as if fully set forth hereat.

37. At all times alleged, VOPA has been operating under authority granted by the DD Act, 42 U.S.C. § 15001, *et seq.*, and its implementing regulations, 45 C.F.R. § 1386, *et seq.* and the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and its implementing regulations, 42 CFR § 51.1, *et seq.* as Virginia's protection and advocacy system.

38. The DD Act at 42 U.S.C. § 15043(a)(2)(B) authorizes VOPA as the protection and advocacy system for Virginia to investigate incidents of abuse and neglect of individuals with developmental disabilities whenever those incidents are reported to VOPA or when VOPA has probable cause to believe that incidents of abuse or neglect have occurred.

39. 42 U.S.C. § 15043(a)(2)(I)-(J) authorizes VOPA to have access to "all records" of any individual who is a client and who has authorized access to records or when there is "probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy" or in the case of the death of an individual with a developmental disability.

40. 45 C.F.R. § 1386.22(b) specifies that VOPA is authorized to have access to records prepared by an agency charged with investigating incidents of abuse or neglect, injury, or death at a facility when such records describe any or all of the following: abuse, neglect, injury, or death; steps taken to investigate the incidents; reports and records, including personnel records prepared or maintained by the facility in connection with such reports of incidents; or supporting information relied upon in creating a report including records describing persons who were interviewed, physical or documentary evidence reviewed and related investigative findings.

41. VOPA's request for records or investigational information pertaining to Residents A and B, including any peer review records, falls within the description of records and investigational information contained in 42 U.S.C. § 15043(a)(2)(I)-(J) and 45 C.F.R. § 1386.22(a)-(b).

42. By refusing to provide the access requested by VOPA, Defendants have violated the DD Act and the regulations promulgated pursuant to it.

43. The PAIMI Act authorizes VOPA as the protection and advocacy system for Virginia to investigate incidents of abuse and neglect of individuals with mental illness whenever those incidents are reported to VOPA or when VOPA has probable cause to believe that incidents of abuse or neglect have occurred.  42 U.S.C. § 10805(a)(1)(a).

44. The PAIMI Act authorizes VOPA to have access to the records of any individual who is a client and who has authorized access to their records.  42 U.S.C. § 10805(a)(4)(A).

45. The PAIMI Act authorizes VOPA to have access to records of any individual who has died or who may be unable to authorize access due to a physical or mental condition, and VOPA has

probable cause to believe the individual has been the subject of abuse or neglect. 42 U.S.C. § 10805(a)(4)(B).

46. The PAIMI Act defines records to include reports prepared by staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect and injury occurring at such a facility that describe incidents of abuse, neglect, and injury occurring at such a facility and the steps taken to investigate such incidents.  42 U.S.C. § 10806(b)(3)(A).

47. 42 C.F.R. § 51.41 specifies that VOPA is authorized to have access to records prepared by an agency charged with investigating incidents of abuse or neglect, injury, or death at a facility when such records describe any or all of the following: abuse, neglect, injury, or death; steps taken to investigate the incidents; reports and records, including personnel records prepared or maintained by the facility in connection with such reports of incidents; or supporting information relied upon in creating a report including records describing persons who were interviewed, physical or documentary evidence reviewed and related investigative findings.

48. 42 U.S.C. § 10806(b)(2)(C) provides that: "If the laws of a State prohibit an eligible system from obtaining access to the records of individuals with mental illness in accordance with section 10805(a)(4) of this title and this section, section 10805(a)(4) of this title and this section shall not apply to such system before-- (i) the date such system is no longer subject to such a prohibition; or (ii) the expiration of the 2-year period beginning on May 23, 1986, whichever occurs first."

9

49. VOPA's request for records or investigational information pertaining to Resident C, including any peer review records, falls within the description of records and investigational information contained in 42 U.S.C. §§ 10805-10806 and 42 C.F.R. § 51.41.

50. By refusing to provide the access requested by VOPA, Defendants have violated the PAIMI Act and the regulations promulgated pursuant to it.

51. Due to Defendants' violation of the DD and PAIMI Acts, VOPA is irreparably harmed as it is prevented from carrying out its responsibilities under those Acts.

52. Unless Defendants are enjoined to provide to VOPA the access required by the DD and PAIMI Acts, VOPA will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities.

## INJUNCTIVE RELIEF

53. Plaintiffs repeat, reiterate and reallege all of the foregoing, as if fully set forth hereat.

54. As a proximate result of Defendants' violation of the DD and PAIMI Acts, VOPA has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, The Commonwealth of Virginia, Virginia Office for Protection and Advocacy, respectfully prays that this Court grant it the following relief:

A.     Enter a declaratory judgment that Defendants' refusal to provide the records requested by VOPA is in violation of the DD and PAIMI Acts.

B.     Both preliminarily and permanently enjoin Defendants to provide to VOPA the access to records mandated by the DD and PAIMI Acts.

10

C.      Both preliminarily and permanently enjoin Defendants from interfering, in any way, with VOPA's access to records.

D.      Grant VOPA such other and further relief which to this Court seems just and proper.

DATED: _12/3/2007_

Respectfully submitted,

Paul J. Buckley
Virginia Bar Number 33794
Managing Attorney
Virginia Office for Protection and Advocacy
1910 Byrd Avenue, Suite 5
Richmond, VA 23230
(804) 662-7082
(804) 662-7431
paul.buckley@vopa.virginia.gov

11